# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MIKE B. NEWHOUSE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0307**  (BOR Appeal No. 2047548)
                              (Claim No. 990019175)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BJM COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mike B. Newhouse, by Otis Mann Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Mark Bramble, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2013, in which the Board affirmed a July 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 17, 2010, decision denying Mr. Newhouse's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Newhouse filed an application for permanent total disability benefits following the receipt of multiple injuries in the course of his employment as an underground coal miner. Mr. Newhouse has undergone numerous vocational evaluations and a psychiatric evaluation to determine the extent of his disability.

On December 3, 2003, Ramesh Shah, M.D., performed a psychiatric independent medical evaluation and concluded that Mr. Newhouse is not permanently and totally disabled from a psychiatric perspective. He further stated that Mr. Newhouse suffers from only a mild psychiatric impairment as a result of his occupational injuries. On June 27, 2005, Donald Pinckney, O.T./L, performed a functional capacity evaluation and determined that Mr. Newhouse is functioning at the sedentary physical demand level. On March 10, 2006, Gloria Alderson, R.N., C.D.M.S., A.B.D.A., performed a rehabilitation evaluation, and despite noting that Mr. Newhouse is functioning at the sedentary physical demand level, concluded that he is unemployable and therefore permanently and totally disabled because he has no potential for vocational rehabilitation as a result of his current physical and mental condition. On June 9, 2009, Elizabeth Davis, R.N., M.S., C.R.R.N., C.L.C.T., C.R.C., performed a vocational assessment. She noted that Mr. Newhouse is capable of performing sedentary employment, but determined that he is unable to engage in the vocational rehabilitation necessary for employment at the sedentary physical demand level due to spelling and arithmetic deficiencies.

The Permanent Total Disability Review Board issued its final recommendations on August 5, 2010, and concluded that Mr. Newhouse has vocational rehabilitation potential and is capable of engaging in gainful employment at the sedentary to light physical demand level. The Board determined that Mr. Newhouse is capable of engaging in employment at the light physical demand level based upon normal MRI results and Mr. Newhouse's demonstrated functional capacity to consistently reach and handle materials. The claims administrator denied Mr. Newhouse's request for permanent total disability benefits on August 17, 2010.

On September 20, 2011, physical therapist Marj Weigel performed an additional functional capacity evaluation and determined that Mr. Newhouse is employable at the sedentary to light physical demand level. On December 8, 2011, Michael Price, M.A., Q.R.P., performed a vocational rehabilitation evaluation and concluded that Mr. Newhouse is employable at the sedentary to light physical demand level, and is not permanently and totally disabled. He further stated that there are jobs currently available in the labor market at the sedentary to light physical demand level for which Mr. Newhouse is currently qualified or could become qualified for with minimal retraining.

In its Order affirming the August 17, 2010, claims administrator's decision, the Office of Judges held that Mr. Newhouse is capable of returning to substantial gainful employment. Mr. Newhouse disputes this finding and asserts that the evidence of record demonstrates that he is entitled to a permanent total disability award because he is unable to engage in substantial gainful employment.

Both the Permanent Total Disability Review Board and the Office of Judges determined that Mr. Newhouse met the requisite whole person impairment threshold necessary for further

consideration of a permanent total disability award. Therefore, the issue on appeal is whether Mr. Newhouse is capable of engaging in substantial gainful employment. Pursuant to West Virginia Code § 23-4-6(n)(2) (2005), in order to receive a permanent total disability award, a claimant must be unable to engage in substantial gainful employment.

The Office of Judges gave significant consideration to Ms. Weigel's finding that Mr. Newhouse can return to gainful employment at the sedentary to light physical demand level. The Office of Judges specifically noted that Ms. Weigel's functional capacity evaluation occurred six years after the functional capacity evaluation in which Mr. Pinckney determined that Mr. Newhouse was functioning at only the sedentary physical demand level. The Office of Judges then found that the report of Mr. Price, which relied in part on Ms. Weigel's findings, is persuasive and further found that Mr. Price identified multiple available positions in Mr. Newhouse's geographical area that he is physically capable of performing. Based on the reports of Ms. Weigel and Mr. Price, the Office of Judges concluded that Mr. Newhouse is not entitled to a permanent total disability award because the evidence of record demonstrates that he can engage in gainful employment at the sedentary to light physical demand level. The Board of Review reached the same reasoned conclusions in its decision of February 25, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

3